**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

Lyle W. Cayce
Clerk

No. 11-50298
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO CASTANEDA-QUIROZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1564-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fernando Castaneda-Quiroz (Castaneda), appeals his conviction on six drug-trafficking and conspiracy counts for which he was sentenced to 200 months in prison. He contends that the evidence was insufficient to prove his knowing participation in the crimes because the Government's cooperating witnesses were unworthy of belief.

Castaneda properly moved for acquittal, so we review the sufficiency of the evidence by considering the evidence and all inferences reasonably drawn from

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it in the light most favorable to the verdict and by determining whether a rational jury could have found all the elements of the offense beyond a reasonable doubt. *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009). Unless the testimony of a witness, "even an accomplice cooperating with the Government," is wholly implausible, such as concerning "an event that could not have occurred under the laws of nature," we may not discredit that testimony, because the question of such a witnesses' credibility is for the jury to decide. *Id.*

The elements of Castaneda's crimes can be summarized as the knowing possession of marijuana with the intent to distribute it, the knowing participation in bringing marijuana into the United States from another country, and a voluntarily agreement with others to commit those crimes. *See United States v. Martinez-Lugo*, 411 F.3d 597, 599 & n.1 (5th Cir. 2005); *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002). Castaneda attempts to analogize his case to cases where evidence merely placed the defendant in the company or vicinity of conspirators. No analogy is warranted because the testimony in the instant case directly established Castaneda's knowledge of and active involvement in a conspiracy to import marijuana into the United States for distribution. Castaneda's arguments that the witnesses were unworthy of credibility is itself unworthy of consideration, because the credibility of the witnesses was a matter for the jury alone to decide. *See Garcia*, 567 F.3d at 731. Because the evidence was sufficient to convict on all counts, the judgment of the district court is AFFIRMED.